UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON R. POWELL,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | No. 2:24-cv-00030-DAD-CKD (PS)<br><br><br><br>ORDER |

Plaintiff, who proceeds without counsel, initiated this action with a complaint filed in the Sacramento County Superior Court. (See ECF No. 1.) On January 4, 2024, defendant, the United States of America, removed the case to this court. (Id.) This matter is before the undersigned pursuant to 28 U.S.C. § 636(b)(1) and E.D. Cal. Local Rule 302(c)(21).

On January 12, 2024, defendant filed a motion to dismiss for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim. (ECF No. 3.) The motion was set for a hearing to take place on February 21, 2024. (Id.)

Under the court's Local Rules, plaintiff was to respond to defendant's motion no later than 14 days after the motion was filed. See E.D. Cal. L.R. 230(c) ("Opposition, if any, to the granting of the motion shall be in writing and shall be filed and served not less than fourteen (14) days after the motion was filed."). Plaintiff has not filed an opposition to the pending motion.

////

1

"Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. Local Rule 110. Local Rule 183(a) provides, in relevant part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing [without counsel]. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants") (overruled on other grounds).

A district court may impose sanctions, including involuntary dismissal of a plaintiff's case under Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

Plaintiff's failure to respond to the pending motion is in violation of the Local Rules, but the undersigned will not recommend dismissal at this time. Instead, plaintiff is provided an opportunity to respond to the pending motion within 14 days after service of this order. Any further failure to respond will be construed as plaintiff's non-opposition to the motion which will

constitute grounds for dismissal under Rule 41(b).

Local Rule 230(c) states "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party...." Accordingly, the hearing set for February 21, 2024, is vacated. After the conclusion of briefing, the motion will be submitted for decision on the record and written briefing pursuant to Local Rule 230(g). If the court subsequently determines that supplemental briefing or oral argument is necessary, the parties will be notified accordingly.

For the reasons set forth above, IT IS HEREBY ORDERED as follows:

1. The hearing on defendant's motion to dismiss for lack of subject matter jurisdiction, or, in the alternative, for failure to state a claim, set for February 21, 2024, is VACATED.

2. Plaintiff shall file a written opposition (or a statement of non-opposition) to the pending motion within 14 days after service of this order. Failure to do so will be deemed a statement of non-opposition and consent to the granting of the motion and may constitute an additional ground for the imposition of appropriate sanctions, including a recommendation that plaintiff's case be involuntarily dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

3. Defendant may file a written reply to any opposition filed by plaintiff within 10 days of plaintiff's filing. The court will take this matter under submission upon conclusion of this briefing schedule.

Dated: February 6, 2024

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
powe24cv0030.nooppo