UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON R. POWELL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendants. | No. 2:24-cv-00030-DAD-CKD (PS)<br><br>ORDER AND AMENDED FINDINGS AND RECOMMENDATIONS |

Plaintiff, who proceeds without counsel, initiated this action with a complaint filed in the Sacramento County Superior Court. (See ECF No. 1.) This matter is before the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302(c)(21). For the reasons set forth below, the undersigned vacates the findings and recommendations entered March 5, 2024, and issues these amended findings and recommendations concluding plaintiff's complaint should be dismissed for lack of subject matter jurisdiction, or, in the alternative, for failure to state a claim.

**I.    Background**

Plaintiff initiated this action in the Sacramento County Superior Court with a civil complaint alleging a total of seven words, stating as follows: "Terrorism Religious Rights Rape Imprisonment Faud [sic] Murder." (ECF No. 1-1 at 2.)

////

1    On January 4, 2024, defendant, the United States of America, removed the case under 28 U.S.C. § 1442(a)(1). (ECF No. 1 at 2.) On January 12, 2024, defendant filed a motion to dismiss for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim. (ECF No. 3.)

Plaintiff did not file a timely opposition to the motion to dismiss. On February 6, 2024, the court provided plaintiff a further opportunity to oppose the motion to dismiss within 14 days after service of the court's order. (ECF No. 4.) Plaintiff was cautioned that failure to respond would be construed as non-opposition to the motion which would constitute grounds for dismissal. (Id.) Plaintiff failed to oppose the motion to dismiss or otherwise respond to the court's order dated February 6, 2024. Accordingly, on March 5, 2024, the undersigned recommended this action be dismissed for plaintiff's failure to prosecute. (ECF No. 6.)

Plaintiff filed objections to the recommendation to dismiss this action for failure to prosecute. (ECF Nos. 7, 8.) On March 21, 2024, the court provided plaintiff a further opportunity to respond to the pending motion to dismiss within 14 days after service of the court's order. (ECF No. 9.)

Plaintiff served an opposition to defendant's counsel. (See ECF No. 10-1 at 4.) The opposition states the following:

> I cannot and will not allow my lawsuit against the United States to come to a dead end. [T]here are Judges, Attorneys, Police Officers and their family and friends, in the way of wrong with my rights and my life. [T]he court must allow this suit to go forward my life cannot be for them to come in our leadership chairs and lead our grandchildren in the way of wrong[.]

(Id.) Plaintiff did not file the opposition with the court.

The undersigned has considered plaintiff's opposition to the motion to dismiss and issues these amended findings and recommendations. The complaint should be dismissed for lack of subject matter jurisdiction, or, in the alternative, for failure to state a claim.

**II.    The Court Lacks Subject Matter Jurisdiction**

As set forth, the complaint alleges "Terrorism Religious Rights Rape Imprisonment Faud [sic] Murder." (ECF No. 1-1 at 2.) Defendant argues the court lacks subject matter jurisdiction

2

under the derivative jurisdiction doctrine and because the complaint clearly alleges torts but fails to allege compliance with the administrative claim requirement of the Federal Tort Claims Act. (ECF No. 3-1 at 3-4.)

Federal courts assume subject-matter jurisdiction is lacking unless and until the party asserting jurisdiction demonstrates otherwise. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 376 (1994). Where subject-matter jurisdiction is found to be lacking, the claim or lawsuit must be dismissed at the first instance. See Fed. R. Civ. P. 12(h)(3).

The United States is immune from suit for damages except where Congress has specifically waived its immunity. See Lehman v. Nakshian, 453 U.S. 156, 160 (1981). The Federal Tort Claims Act ("FTCA") contains a limited waiver of sovereign immunity. 28 U.S.C. § 1346(b). It also provides federal district courts with exclusive subject-matter jurisdiction over civil actions against the United States for money damages for personal or property damage caused by the negligent or wrongful act or omission of any federal employee acting within the scope of their office or employment if a private person would be liable to the plaintiff under the laws of the place where the challenged conduct occurred. 28 U.S.C. § 1346(b).

The FTCA does not include a waiver of sovereign immunity for suits brought in state courts. See Rodriguez v. United States, 788 Fed. Appx. 535, 536 (9th Cir. 2019) (citing Cox v. U.S. Dep't of Agric., 800 F.3d 1031, 1031 (9th Cir. 2015) (per curiam)). The derivative jurisdiction doctrine provides that, if a state court lacks jurisdiction over a case, a federal court does not acquire jurisdiction upon removal. Minnesota v. United States, 305 U.S. 382, 389 (1939). The doctrine applies to removals under 28 U.S.C. § 1442(a). Cox, 800 F.3d at 1032 (citing In re Elko Cty. Grand Jury, 109 F.3d 554, 555 (9th Cir. 1997)).

Because this suit was removed under 28 U.S.C. § 1442(a)(1), and because the state court did not have jurisdiction, this court acquired no jurisdiction upon removal. See Cox, 800 F.3d at 1032; Glass v. Nat'l R.R. Passenger Corp., 570 F. Supp. 2d 1180, 1182 (C.D. Cal. 2008) ("the doctrine of 'derivative jurisdiction,' if applicable here, would preclude this Court from having jurisdiction, even if the matter could have been raised here originally").

////

1    Moreover, under the FTCA, a plaintiff must comply with an administrative claim procedure prior to bringing suit. Failure to do so is a jurisdictional defect that requires dismissal of the complaint. See McNeil v. United States, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.").

Here, there are no factual allegations that permit the court to conclude that plaintiff complied with the administrative claim procedure of the FTCA or that some other waiver of sovereign immunity applies. In this way, too, plaintiff fails to establish the court's jurisdiction, and the suit must be dismissed. See Fed. R. Civ. P. 12(h)(3).

### III.    The Complaint Fails to State a Claim

The complaint also fails to state a claim. (ECF No. 3-1 at 4.) Dismissal is warranted because there is both a "lack of a cognizable legal theory [and an] absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Labels and conclusions are insufficient to state a claim, as are formulaic recitations of the elements of a cause of action. Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009).

Here, the complaint fails to plead any facts at all. The alleged perpetrators and alleged victims of the purported wrongs are not identified. The dates and events that purportedly led to the alleged harms are also not identified. The complaint plainly fails to meet the required pleading standard. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007) ("naked assertion[s]" devoid of "further factual enhancement" do not suffice).

Plaintiff was put on notice of the deficiency of the complaint's lack of factual allegations through the pending motion to dismiss. Plaintiff does not, however, indicate there are any further facts which could be alleged to state a plausible claim. Thus, it appears granting leave to amend would be futile. See California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988) ("Valid reasons for denying leave to amend include undue delay, bad faith,

prejudice, and futility."); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

### IV. Order and Recommendation

In accordance with the above, IT IS HEREBY ORDERED that the findings and recommendations entered March 5, 2024 (ECF No. 6) are VACATED, and the undersigned issues these amended findings and recommendations.

IT IS HEREBY RECOMMENDED as follows:

1. Defendant's motion to dismiss (ECF No. 3) be GRANTED;
2. This action be DISMISSED without leave to amend for lack of subject matter jurisdiction, or, in the alternative, for failure to state a claim; and
3. The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  April 29, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
powe24cv0030.amnd.fr